United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA MARIA FINOL GUTIERREZ, | § § | CIVIL ACTION NUMBER 4:26-cv-01099 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Joanna Maria Finol Gutierrez filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 11, 2026. Dkt 1. She proceeds here *pro se*. She acknowledges illegal entry into the United States on a prior date but nonetheless asserts that her present detention violates (i) the Immigration and Naturalization Act, (ii) the Administrative Procedures Act, (iii) the Fourth Amendment, and (iv) the Due Process Clause of the Fifth Amendment. Id at 9–16.

The Government answered the petition and provided documents intended to establish the authority under which Petitioner is currently detained. Dkt 15. Petitioner filed a reply. Dkt 16.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08. Such determination forecloses Petitioner's statutory arguments under the INA.

Petitioner's reply recognizes the decision in *Buenrostro-Mendez* but contends it doesn't apply to her because (i) she was previously granted temporary protected status, (ii) she was previously found to have a credible fear of persecution in her home country, (iii) she was previously found not to be a flight risk, (iv) she was never provided with a proper bond hearing, and (v) her due process claims aren't addressed by the *Buenrostro-Mendez* decision. See Dkt 16 at 2–8.

*As to the INA claim*, Petitioner expresses her disagreement with the Fifth Circuit's determination in *Buenrostro-Mendez* that individuals like herself, present in the United States without legal admission, are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider, the undersigned couldn't grant Petitioner relief because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to the Administrative Procedures Act claims*, they necessarily fail to the extent that they rely on the rejected statutory interpretation addressed in *Buenrostro-Mendez*. For example, see *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026), Dkt 14 at 3; *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026) at Dkt 7 at 2–3. Such claims are also foreclosed by 5 USC §704 given that an adequate remedy for such alleged violations exists through *habeas* relief. Ibid.

*As to claims based on prior parole and temporary protected status*, documents submitted by both Petitioner and the Government show that those statuses expired long

2

before Petitioner was detained. She was granted parole on May 11, 2021, for one year, and nothing shows that this parole was ever extended or renewed. Dkts 1-13 at 2 & 15-3. She was granted temporary protected status on May 1, 2024, but it expired on April 2, 2025. Dkts 1-9 at 3–4 & 15-1. And while she applied for an extension of temporary protected status on July 16, 2025, that application hasn't been approved. Dkts 1-9 at 2 & 15-2.

The undersigned has held that a prior grant of temporary protected status doesn't constitute "admission" to the country under the INA. See *Ruz Fuente v Noem*, 4:26-cv-00767 (SD Tex, Mar 20, 2026), citing *Sanchez v Mayorkas*, 593 US 409, 416 (2021). The undersigned has also held that the order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), which purported to declare termination of that status for Venezuelan nationals unlawful, violated a stay entered by the Supreme Court and otherwise had no preclusive effect. See *Ruz Fuente*, 4:26-cv-00767, Dkt 7 at 4.

Because Petitioner hasn't been admitted and is no longer on parole or in temporary protected status, she is deemed an "applicant for admission" subject to mandatory detention under §1225(b)(2) as interpreted in *Buenrostro-Mendez*. Any prior protected status doesn't provide a basis for *habeas corpus* relief.

*As to Fourth Amendment claims*, they fail because an illegal arrest has no bearing on the legality of any detention *following* that arrest. See *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex); see also *INS v Lopez-Mendoza*, 468 US 1032, 1040 (1984) (holding that "the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding"). Even if Petitioner could establish that her arrest was illegal, that doesn't entitle her to release from an otherwise proper detention.

*As to the due process claims,* Petitioner essentially seeks to bind the current Administration to decisions made previously regarding the enforcement of a statute clearly applicable to her. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against

3

the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County, Inc*, 467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b)(2)(A) against individuals like Petitioner neither changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain her pending her removal. As recently explained by Judge Fernando Rodriguez:

> Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forgo applying [§]1225 to [her]. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under [§]1225.

*Makhmudov v Lyons*, 2026 WL 879392, *1 (SD Tex).

Due process arguments similar to those raised by Petitioner were also rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order

4

detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

Petitioner's contentions concerning her credible fear of persecution and her compliance with earlier immigration orders may bear on the question of whether she should ultimately be removed. But they don't bear on the question of whether she may be detained during the pendency of such removal proceedings. As such, she hasn't shown that her current detention violates her rights under the Due Process Clause.

Finally, Petitioner's reliance on an earlier order in this action requiring either a bond hearing or release is misplaced because that order was subsequently set aside. See Dkts 11 (granting bond hearing) & 13 (setting aside that order). As such, that order is no longer of any effect in these proceedings and need not be obeyed. See *Maness v Meyers*, 419 US 449, 457–58 (1975) (noting that incorrect orders need only be obeyed until set aside). Respondents' failure to afford Petitioner a hearing required by an order that has since been set aside doesn't violate due process and isn't a basis for *habeas corpus* relief.

Because Petitioner hasn't established that her detention violates either the Constitution or federal law, she isn't entitled to relief on *habeas corpus* in this action.

\*    \*    \*

The petition for writ of *habeas corpus* by Petitioner Joanna Maria Finol Gutierrez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Any pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge